IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Demond Derrick Burgess, ) | C/A NO. 1:11-369-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| J. Reuben Long Detention Center; Officer ) | |
| Gage, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On March 15, 2011, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order with the following caveats.[1]

First, the Magistrate Judge indicates that "Plaintiff is not entitled to relief for mental stress and embarrassment from having been seen naked." Report at 2. While it is true that compensatory damages are not available to Plaintiff absent physical injury, *see* 42 U.S.C. § 1997e(e), this does not mean that Plaintiff would be entitled to *no* relief, as nominal damages would be available in appropriate circumstances. *See*, *e.g.*, *Royal v. Kautsky*, 375 F.3d 720 (8th Cir. 2004) ("Congress did not intend section 1997e(e) to bar recovery for all forms of relief" and reading § 1997e(e) as being limit to recovery, not bar to suit).[2]

---

[1] The Clerk is directed to correct the spelling of Plaintiff's first name ("Demond," not "Desmond") on the docket of this matter.

[2] It is correct that the undersigned adopted the Report and Recommendation in *Lynch v. Falsely, et al*, D.S.C. Civil Action No. 3:09-81-CMC-JRM which found that "there is no constitutional right to be free from emotional distress." However, *Lynch* was materially different from the current matter. The claim brought by Plaintiff in that action (that she experienced cruel and unusual punishment because of her embarrassment) was not available to her because she was not an inmate.

Second, the Magistrate Judge states that "this court has held that the occasional viewing of a naked male prisoner by a female correctional officer is not a constitutional violation of a prisoner's right to privacy." Report at 2-3 (Dkt. #12, filed Mar. 15, 2011). The case cited, *Roberts v. Ozmint*, 2006 WL 2303183 (Aug. 6, 2006), was decided by another judge of this Court, after full briefing on motion for summary judgment, not during an initial analysis of whether a plaintiff had sufficiently stated a claim to proceed in this Court. Most significantly, *Roberts* addressed the plaintiff's claim in terms of a right to privacy, not (as is asserted in this case) a claim of infringement of religious practices.[3]

Third, the relief sought by Plaintiff as to Defendant Gage (that she be terminated from employment) is, as correctly noted by the Magistrate Judge, unavailable in this court. However, additional relief was sought by Plaintiff; namely, "for this to never happen to another inmate." Compl. at 4. Liberally construed, this request sounds in injunctive relief. Injunctive relief is not available from Defendant Gage (the only viable defendant), and Plaintiff has failed to name any Defendant as to such relief would be appropriate. Therefore, the Complaint fails on its face, and this court need not reach the issue whether a viable cause of action exists under the Fourteenth or First Amendments, or the Religious Land Use and Institutionalized Persons Act (RLUIPA). *See*, *e.g.*, *Canedy v. Boardman*, 91 F.3d 30 (7th Cir. 1996) (acknowledging inmate had "constitutional interest in observing Islam's nudity taboos"); *Muhammad v. Bush*, 121 F.3d 708 (6th Cir. 1997 (Table) (analyzing free exercise claim of Islamic inmate's claim regarding patdown searches by female guards under test set forth in *Turner v. Safley*, 482 U.S. 78 (1987)); *Mitchell v. Quarterman*, 2010

---

[3]While inartfully pled, Plaintiff specifically claims that Gage violated his "14th Amendment right of religion where I'm not supposed to show my naked body in front of women unless she's my wife . . . ." Compl. at 3 (Dkt. #1, filed Feb. 16, 2011).

3

WL 2330382 (E.D. Tex., May 10, 2010) (unpublished) (analyzing claim under First Amendment and RLUIPA).

Accordingly, for the reasons noted in the Report and for the additional reasons indicated above, this action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 7, 2011